The petitioner seeks a divorce from his wife in this case upon the ground of adultery alleged to have been committed with the intervenor, or with some other person unknown to petitioner. The alleged acts of marital misconduct are fixed at a time or times in the summer and fall of 1923. It is asserted by petitioner that in the latter part of 1921 the wife of the intervenor accused the defendant, in the presence of the petitioner, of having improper relations with the intervenor, and that, at that time, the defendant attempted to commit suicide by taking iodine, but from the effects of which she was saved by prompt medical action. But the testimony of the intervenor's wife, in this respect (and she was produced as a witness by the petitioner), is far from being in accord *Page 72 
with the petitioner's version of the alleged interview, and the defendant asserts that the iodine was taken by mistake, and that it was later told to her by petitioner that it was iodine; while she had intended merely to take some other medicine.
Petitioner states, however, that he condoned his wife's alleged misconduct in that respect, and continued cohabitation with her until the latter part of September, 1923, when he left her because of an occurrence which displeased him. There has been no cohabitation by defendant and petitioner since that time. Petitioner did not then have knowledge or proof of the defendant's alleged misconduct subsequent to the previous condonation. Both the defendant and the intervenor flatly deny the adultery.
Under the settled rule of our court the burden is upon the petitioner to prove the guilt of the defendant beyond a reasonable doubt, if he is to prevail against her in his suit. As stated by Mr. Justice Van Dyke, speaking for the court of errors and appeals in the case of Berckmans v. Berckmans,17 N.J. Eq. (at p. 454):
"I don't mean to say that it must be done by such an amount of overwhelming and unmistakable evidence as to render it impossible to be otherwise, but the evidence must be such as to satisfy the human mind, and leave the careful and guarded judgment of the court free from any conscientious and perplexing doubts as to whether the charge be proved or not. If, after a careful examination of all the competent testimony such doubts remain immovable, it is clearly our duty to give the defendant the benefit of such doubts, and to refuse the prayer of the complainant."
To like effect are other judicial expressions which state the test to be that: "The circumstances must be such as will lead the guarded discretion of a reasonable and just mind to the conviction that the crime has been committed." Culver v.Culver, 38 N.J. Eq. (at p. 165); Hollis v. Hollis, 95 N.J. Eq. 690.
There is no direct evidence of the adultery charged; and while there may be some testimony in the case that would tend to arouse suspicion of misconduct, still, it is not sufficiently *Page 73 
convincing to satisfy my mind, and to leave me, in the exercise of that "careful and guarded judgment" exacted by our courts, "free from any conscientious and perplexing doubts as to whether the charge be proved or not."
In my opinion, the testimony falls far short of satisfying the test laid down in the cases cited ubi supra, and of establishing the guilt of the defendant within the purview of the well-settled rules in this respect.
I will therefore advise a decree dismissing the petition.